UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERFORMANCE MOTION DEVICES, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>ION MOTION CONTROL, BASIC MICRO<br>PRODUCTS, INC., BASICMICRO.COM,<br>INC., BASIC MICRO, INC. )<br><br>Defendants. )<br> ) | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Performance Motion Devices, Inc. for its Complaint against Defendants Ion Motion Control, Basic Micro Products, Inc., BasicMicro.com, Inc., and Basic Micro, Inc., alleges as follows:

## PARTIES

1.     Plaintiff, Performance Motion Devices, Inc. ("Performance Motion Devices") is a Massachusetts corporation and has a principal place of business at 1 Technology Park Drive, Westford, Massachusetts 01886.

2.     Upon information and belief, Defendant Ion Motion Control is a trade name for an entity with a principal place of business at 33175 Temecula Parkway, Suite A-630, Temecula, California 92592, which, upon information and belief, is operated by Defendant Basic Micro Products, Inc., a suspended California corporation with a principal place of business at 33175 Temecula Parkway, Suite A-630, Temecula, California 92592.  Basic Micro Products, Inc.'s registered agent is Rick K. Kong, 3514 Arden Road, Hayward, California 94545.

3.      Upon information and belief, Ion Motion Control sells and markets its products in the Commonwealth of Massachusetts.

4.      Upon information and belief, Defendant Basic Micro Products, Inc. also operates using the trade names BasicMicro.com, Inc. and Basic Micro, Inc.  Basic Micro Products, Inc., together with BasicMicro.com, Inc. and Basic Micro, Inc., are referred to herein as "Basic Micro."

5.      Upon information and belief, Basic Micro sells and markets its products in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

6.      This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Massachusetts law.  This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1332.  This court has supplemental jurisdiction over Plaintiff's Massachusetts law claims under 28 U.S.C. § 1367, because those claims are substantially related to Plaintiff's federal claims.

7.      This Court has personal jurisdiction over Defendants because Defendants transact business within Massachusetts.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

8.      Since at least as early as January 27, 2006, and continuously therefrom, Performance Motion Devices has sold computer hardware, namely, motor drives, amplifiers and controls for use in the motion control industry, to large and small business owners across the country and internationally.  The goods have been sold directly by Performance Motion Devices' sales agents and distributors, and by direct shipment from Performance Motion Devices to the customer.  Performance Motion Devices has built goodwill and brand and industry reputation by providing high quality products, technical support via phone or email, and resources including

white papers, articles, case studies, application notes, datasheets, manuals, release notes, and software.

9.      The United States Patent and Trademark Office granted Performance Motion Devices a trademark registration for the mark ION, U.S. Registration No. 3,234,866, on April 24, 2007 (the "ION Mark").  The Mark is incontestable pursuant to 15 U.S.C. § 1065, and is currently in full force and effect.  The goods covered by the registration for the ION Mark are "Computer hardware, namely, motor drives, amplifiers and controls for use in the motion control industry." The ION Mark is registered as a standard character mark.  A true and complete copy of the Certificate of Registration for the ION Mark is attached as Exhibit 1.

10.      Performance Motion Devices has invested substantial resources in promoting its products and services under its Mark.

11.      On August 18, 1996, Performance Motion Devices purchased and registered the domain name <pmdcorp.com> and has continuously used such domain name since at least as early as January 27, 2006 to market and sell products in connection with the ION Mark.  This domain name has not expired.

12.      Basic Micro, using the trade name Ion Motion Control, markets and sells its motor controller products and related services through sales representatives and on its website located at <ionmc.com>, which automatically redirects there from <ionmotioncontrol.com>.  The domain name <ionmc.com> was created on February 18, 2014 and is registered to Basic Micro.  The domain name <ionmotioncontrol.com> was created on February 18, 2014 and is also registered to Basic Micro.

13.     Basic Micro and Ion Motion Control misappropriated the trademark and associated goodwill of Performance Motion Devices in order to sell directly competitive products and services.

14.     Upon information and belief, the company doing business as Ion Motion Control is an alter-ego of Basic Micro.  Basic Micro, through its alter-ego Ion Motion Control, has used, and continues to use, Performance Motion Devices' brand and ION Mark without authorization in order to profit from Performance Motion Devices' goodwill, including through its website at <basicmicro.com>.

15.     Performance Motion Devices became aware of Basic Micro's and Ion Motion Control's unauthorized use of its ION Mark, name, and brand to market and sell Basic Micro's and Ion Motion Control's similar computer hardware for use in the motion control industry on or about March 2017, when it became aware of the domain name <ionmc.com>.  The below logo appears on the websites at <basicmicro.com>, <ionmotioncontrol.com>, and <ionmc.com> and directly on the products advertised and sold by Basic Micro and Ion Motion Control.



16.     On March 8, 2017, Performance Motion Devices sent a cease and desist letter to Basic Micro and Ion Motion Control to stop further harm to Performance Motion Device's reputation and goodwill resulting from Basic Micro's and Ion Motion Control's infringement of the ION Mark.  After multiple rounds of fruitless correspondence with Dale Kubin at Ion Motion Control, Performance Motion Devices sent a second cease and desist letter demanding that Ion Motion Control cease all use of the ION Mark.

1052394.1

17.     As of the date of this Complaint, neither Basic Micro nor Ion Motion Control have ceased its use of the ION Mark, and both continue to advertise and sell products on their respective websites using the ION Mark.

18.     Basic Micro, and its alter-ego Ion Motion Control, is using a confusingly similar logo that infringes on Performance Motion Devices' ION Mark.  The logo used by Basic Micro and Ion Motion Control uses the protected term "ION" in connection with computer hardware for use in the motion control industry.

19.     Basic Micro and Ion Motion Control have caused and are likely to cause consumer confusion in the marketplace as to the source or origin of the products sold by Basic Micro and its alter-ego Ion Motion Control, and are likely to create a false belief that sales by Basic Micro and Ion Motion Control are authorized by, sponsored by, or otherwise affiliated with Performance Motion Devices.  As a result, Basic Micro's and Ion Motion Control's actions jeopardize Performance Motion Devices' business operations, including damaging the goodwill associated with Performance Motion Devices and its products and services offered in connection with the ION Mark.

## COUNT I – ALL DEFENDANTS
### (Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114)

20.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-19 of this Complaint as though fully stated herein.

21.     Defendants have violated Plaintiff's exclusive rights to use its ION Mark, U.S. Registration No. 3,234,866, by adopting and using the mark ION MOTION CONTROL (and Design) (as reproduced following Paragraph 15, above) in commerce, which is confusingly similar to Plaintiff's ION Mark.  Specifically, Defendants are and have displayed the ION Mark on the websites <basicmicro.com> and  <ionmc.com> and directly on its products.

22.     Defendants, without the consent of Plaintiff, have and continue to use in commerce the ION MOTION CONTROL (and Design) mark, which is confusingly similar to Plaintiff's registered ION Mark in connection with the sale and offering for sale of its computer hardware products, which use is likely to cause confusion, deception, or mistake with regard to the source of affiliation of Defendants' goods.

23.     Defendants' acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 11143.

24.     Upon information and belief, Defendants' conduct and actions are intentional, willful and in bad faith.

25.     The above actions and conduct of Defendants have caused, and are causing, great injury, irreparable harm and damage to Plaintiff, and unless permanently enjoined by this Court, the irreparable injury will continue.

26.     Defendants have violated the exclusive rights of Plaintiff to its use of the registered ION Mark, and are liable under 15 U.S.C. § 1114.

27.     Upon information and belief, Defendants' used and continue to use the ION MOTION CONTROL (and Design) mark in imitation of Plaintiff's ION Mark with the intention to benefit from the association with Plaintiff's business, and such use was intended to cause, and has caused, confusion, mistake, or to deceive potential customers, or otherwise improperly to benefit from the goodwill associated with the Plaintiff's ION Mark.

28.     By reason of the above, the Defendants are in violation of 15 U.S.C. § 1114(1)(a) and (b), and the Plaintiff is entitled to all remedies under the Lanham Act, including, without limitation, injunctive relief, compensatory damages, enhanced damages, disgorgement of profits, costs, interest, and attorney's fees.

1052394.1

## COUNT II – ALL DEFENDANTS
### (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

29.      Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-28 of this Complaint as though fully stated herein.

30.      Upon information and belief, Defendants have used the ION MOTION CONTROL (and Design) mark in commerce, including interstate commerce.  Under 15 U.S.C. § 1125(a), the use of such mark in connection with Defendants' computer hardware goods is a false designation of origin, and a false or misleading representation of affiliation or association, which is likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods and commercial activities by Plaintiff. The Defendants have profited from the unauthorized use of Performance Motion Devices' federally registered ION Mark.

31.      Defendants' wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill with respect to its ION Mark.   Plaintiff has no further adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

## COUNT III– ALL DEFENDANTS
### (Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c))

32.      Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-31 of this Complaint as though fully stated herein.

33.      Plaintiff's ION Mark is distinctive and well-known.  The ION Mark is inherently strong and distinctive, and has long been used in connection with the goods and services in connection with which they are used by Plaintiff, has long been the subject of substantial advertising and promotion, has been used and advertised throughout the United States, is widely

7

recognized by consumers and those in the motion control industry, is in substantially exclusive use, is registered on the Principal Register, and is incontestable.

34.     Defendants have made commercial use of Plaintiff's ION Mark in connection with goods and services that Defendants have offered and sold in commerce, including interstate commerce.  Defendants' acts are in violation of 15 U.S.C. § 1125(c) in that they have caused dilution of the distinctive quality of Plaintiff's ION Mark, to the irreparable injury to and damage of Plaintiff.  These acts were commenced and committed from a time after Plaintiff's ION Mark became well-known.

35.     Defendants' acts have lessened the capacity of Plaintiff's marks to identify and distinguish the goods and services of Plaintiff.  Defendants' acts have blurred the unique association that exists between Plaintiff's ION Mark and the goods and services provided by Plaintiff.

36.     Upon information and belief, Defendants committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause dilution of Plaintiff's well-known marks.

## COUNT IV– ALL DEFENDANTS
### (Cyberpiracy under the Lanham Act, 15 U.S.C. § 1125(d))

37.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-36 of this Complaint as though fully stated herein.

38.     Upon information and belief, Basic Micro registered and maintains the website domains <ionmotioncontrol.com> and <ionmc.com> for computer hardware in the motion control industry.

1052394.1

39. Upon information and belief, Basic Micro registered and maintains the website domains <ionmotioncontrol.com> and <ionmc.com> in bad faith with the intention to profit from such registration.

40. At least by the date of registration of the domains <ionmotioncontrol.com> and <ionmc.com>, Plaintiff's ION Mark had become distinctive and well-known, and the domains <ionmotioncontrol.com> and <ionmc.com> are confusingly similar to Plaintiff's ION Mark.

41. Upon information and belief, Defendants committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiff, and to cause a diversion of sales and commercial activity away from Plaintiff and to Defendants.

42. By reason of the above, Defendants are in violation of 15 U.S.C. § 1125(d) and the domains <ionmotioncontrol.com> and <ionmc.com> must be forfeited or cancelled.

## COUNT V– ALL DEFENDANTS
### (State Common Law Trademark Infringement)

43. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-42 of this Complaint as though fully stated herein.

44. The acts of Defendants complained of herein constitute common law trademark infringement and unfair competition in violation of the laws in the states in which Defendant is conducting business, including the Commonwealth of Massachusetts.

45. The acts of Defendants have caused and will continue to cause irreparable injury to Plaintiff.

## COUNT VI– ALL DEFENDANTS
### (Unfair Competition in Violation of the Common Law)

46. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1-45 of this Complaint as though fully stated herein.

47.     Defendants' unfair competition, including acts of infringement, dilution, and replication of the likeness and appearance of Plaintiff's mark, as alleged herein, violate their common law duty not to engage in unfair competition.  These actions were willful and intentional and have caused Plaintiff irreparable harm.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following:

(a)     Enter judgment in favor of Plaintiff on all counts of the Complaint;

(b)     Enter a temporary, interlocutory, and permanent injunction restraining Defendants, their agents, servants, employees, successors, assigns and all others in concert and privy with them from using the mark "ION," "Ion Motion Control," or any colorable similar variants thereof on or in connection with the offering of computer hardware in the motion control industry; from infringement of U.S. Trademark Registration No. 3,234,866; from unfairly competing with Plaintiff; from engaging in unfair and deceptive trade practices; and from injuring Plaintiff's business reputation, pursuant to 15 U.S.C. § 1116;

(c)     Enter a temporary, interlocutory, and permanent injunction against Defendants to cease and desist from using any marks that include "ION;"

(d)     Enter a temporary, interlocutory, and permanent injunction against Defendants to cease and desist from using the website domains <ionmotioncontrol.com> and <ionmc.com> in connection with computer hardware in the motion control industry, as well as any website domain that includes "ION;"

(e)     Order that the website domains <ionmotioncontrol.com> and <ionmc.com> be forfeited or cancelled in accordance with 15 U.S.C. § 1125(d)(1)(c);

10

(f)     Award Plaintiff general and compensatory damages; actual damages; incidental, special, consequential, and exemplary damages; and damages for the unjust enrichment caused by Defendants' infringement;

(g)     Require Defendants to account for and to pay to Plaintiff, all of Defendants' profits and all damages suffered by Plaintiff as a result of Defendants' acts, together with interest, and that Plaintiff's recovery be trebled, pursuant to 15 U.S.C. § 1117(b);

(h)     Order Defendants to surrender for destruction all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, and other material incorporating or reproducing the infringing ION MOTION CONTROL (and Design) mark, pursuant to 15 U.S.C. § 1118;

(i)     Order and compel Defendants to compensate Plaintiff for corrective and responsive advertising;

(j)     Order and compel Defendants to pay Plaintiff punitive damages in an amount to be determined by the Court;

(k)     Award Plaintiff all costs incurred in this action;

(l)     Award Plaintiff all expenses incurred in this action, including reasonable attorneys' fees; and

(m)     Award such other relief as the Court deems just and equitable.

11

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all the issues so triable in this action.

Respectfully submitted,

Dated: October 10, 2017

PERFORMANCE MOTION DEVICES, INC.

By its attorneys:

*/s/ William E. Hilton*

William E. Hilton (BBO# 559515)
William.Hilton@gesmer.com
Gesmer Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
Telephone:  (617) 350-6800
Facsimile:  (617) 350-6878

*Attorney for Plaintiff Performance Motion Devices, Inc.*

12